**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCIS JEOVANNY DIAZ-GUEVARA; et al., | No.   16-71111 |
| Petitioners, | Agency Nos.   A202-076-287<br>A202-076-288 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022**

Before:   SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Francis Jeovanny Diaz-Guevara and his minor daughter, natives and citizens

of El Salvador, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their application for asylum, and denying Diaz-Guevara's applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Diaz-Guevara experienced in El Salvador, even considered cumulatively, did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)). Substantial evidence also supports the agency's determination that Diaz-Guevara failed to establish an objectively reasonable fear of future persecution in El Salvador. *See id.* at 1018 (possibility of future persecution "too speculative"). Thus, petitioners' asylum claim fails.

Because Diaz-Guevara failed to establish eligibility for asylum, in this case, he did not establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because Diaz-Guevara failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

16-71111

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**